IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHRISTOPHER KLEIN,**

                **Petitioner,**

        v.                       CASE NO. 13-3167-SAC

**STATE OF KANSAS,**
**et al.,**

                **Respondents.**

### O R D E R

This pro se petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas. Having considered all materials filed the court finds that Mr. Klein has not satisfied the filing fee and has not shown exhaustion of state court remedies on all his claims. He is given time to cure these deficiencies.

### **FILING FEE**

The statutory fee for filing a federal habeas corpus petition is $5.00. Petitioner has neither paid the fee nor submitted a motion to proceed in forma pauperis (IFP). A prisoner seeking to bring a habeas action without payment of fees must submit an affidavit that includes a statement of the prisoner's assets. 28 U.S.C. § 1915(a)(1). The prisoner must also submit a certified accounting of the funds available to him in his institutional account.

1

D.Kan.Rule 9.1(g);[1] see Rules Governing Section 2254 Cases in the United States District Courts, Rule 3(a)(2)(habeas petition must be accompanied by "a motion for leave to proceed in forma pauperis, the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution"). Petitioner is ordered to either pay the filing fee or file a proper IFP motion upon court-approved forms along with the requisite financial information. If Mr. Klein does not satisfy the filing fee within the prescribed time, this action may be dismissed without further notice.

**FACTUAL BACKGROUND AND CLAIMS**

In 2010, Mr. Klein was convicted in the District Court of Coffey County, Kansas, upon his pleas to one count of rape and one count of indecent liberties with a child under 14. He was sentenced to 17 to 20 years in prison. He thereafter filed a motion to withdraw his plea alleging, among other things, ineffective assistance of counsel. The trial court held a hearing, at which Klein and his trial counsel testified, and denied the motion. Mr. Klein appealed to the

---

1   D.Kan.Rule 9.1(g)(2)(A) provides:

   Where a petitioner, movant, or plaintiff is an inmate of a penal institution and desires to proceed without prepayment of fees, he or she must also submit a certificate executed by an authorized officer of the institution in which he or she is confined. The certificate must state the amount of money or securities on deposit to his or her credit in any account in the institution.

2

Kansas Court of Appeals (KCA), which affirmed on November 21, 2011. *See State v. Klein*, 288 P.3d 870 (Kan.App. 2011).[2] His Petition for Review was denied by the Kansas Supreme Court (KSC) on August 19, 2013. He states that he filed a petition for certiorari in the United States Supreme Court that was denied in 2013, but does not provide the month and day.

Petitioner also alleges that he filed two post-conviction motions in Coffey County Court "during the Supreme Court time" that have not yet been heard. He states that one motion claims "DNA was negative," and the other challenges lifetime post-release.

As grounds for his federal Petition, Mr. Klein claims that his attorney was ineffective and alleges several grounds in support including that DNA was never brought up in court.

**FAILURE TO SHOW EXHAUSTION**

    28 U.S.C. § 2254(b)(1) provides:

    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State. . . .

"A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in

---

2   The KCA summarized Klein's grounds for his claim of inadequate representation as follows: "(1) Klein had limited contact and communication with Cole; (2) Cole went over the plea advisory a mere 5 minutes before the hearing; and (3) Cole never investigated his claim that the State's witnesses were lying." *State v. Klein*, 288 P.3d 870 at *3.

3

a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Generally, the exhaustion prerequisite is not satisfied unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process." *Id*. at 845. This means that all grounds must have been "properly presented" as federal constitutional issues "to the highest state court, either by direct review of the conviction or in a post-conviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

In accord with the foregoing authority, the factual basis including each separate ground for a claim of ineffective assistance of counsel must have been presented in the first instance to the state courts. The opinion of the KCA on Mr. Klein's direct appeal does not mention a claim that "DNA was never brought up in court." If petitioner did not present his ground regarding DNA on direct appeal, then he must have presented it by way of a state post-conviction motion, such as a motion pursuant to K.S.A. 60-1507, filed in the sentencing court. In addition, he must have appealed the denial of any such motion throughout one complete round of the State's appellate review process and ultimately to the Kansas Supreme Court. Petitioner's own allegations indicate that he currently has motions pending in state court that have not been decided, one of which includes a claim that "DNA was negative" and he was wrongfully convicted of a crime he did not commit. It thus appears from the

4

face of the petition that Mr. Klein has not fully exhausted the available state court remedies on the DNA ground raised in his federal petition.

Generally, a federal district court is required to dismiss a "mixed petition," that is one containing unexhausted as well as exhausted claims. Mr. Klein is given time to show cause why this action should not be dismissed on account of his failure to exhaust state court remedies on every ground raised in his federal petition.[3] If he fails to show cause within the prescribed time, this action may be dismissed without prejudice and without further notice.

In the alternative, petitioner may notify the court to voluntarily dismiss the unexhausted claims in his federal petition and proceed only upon those claims that have been fully exhausted. However, he is warned that should he attempt to bring another § 2254 petition in the future after he has exhausted his currently-unexhausted claims, that petition will likely be dismissed as second and successive under 28 U.S.C. § 2244(b)(2).[4] Furthermore,

---

3   Petitioner is reminded that the one-year statute of limitations applicable to federal habeas corpus petitions is not tolled during the pendency of a federal habeas corpus proceeding. Under § 2244(d)(2), only "a properly-filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claims" has a tolling effect. Consequently, he must diligently pursue his remedies in state court as well as file any future federal habeas corpus petition within the limitations period. If he fails in this regard, his claims in federal court are likely to be time-barred.

4   This section pertinently provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

before filing a second and successive petition in federal court he would be required to move for preauthorization in the Tenth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3).

Petitioner is given time to either show cause why this petition should not be dismissed based upon his failure to exhaust some claims or, in the alternative, dismiss his unexhausted claims and proceed only upon those that have been fully exhausted.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner is given thirty (30) days in which to satisfy the filing fee and to either show cause why this petition for writ of habeas corpus should not be dismissed for failure to exhaust state court remedies on all his claims or dismiss any claims that have not been fully exhausted.

The clerk is directed to send IFP forms to petitioner.

**IT IS SO ORDERED.**

Dated this 24th day of October, 2013, at Topeka, Kansas.

---

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**s/Sam A. Crow**
**U.S. Senior District Judge**