```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**CHRISTOPHER KLEIN,**

                   **Petitioner,**

          v.                         CASE NO. 13-3167-SAC

**STATE OF KANSAS,**
**et al.,**

                   **Respondents.**

## O R D E R

On October 24, 2013, the court entered an order screening this pro se petition for writ of habeas corpus. Petitioner was given time to satisfy the filing fee prerequisite. He has since paid the filing fee, and as a result his subsequent motion to proceed in forma pauperis is denied as moot. Mr. Klein was also given "time to show cause why this action should not be dismissed on account of his failure to exhaust state court remedies on every ground raised in his federal petition." He was warned that if he failed to show cause within the prescribed time, this action could be dismissed without prejudice and without further notice.

Petitioner responded to this show cause order by submitting a brief letter addressed to the undersigned Judge. In this letter, he makes vague and ambiguous statements and addresses his DNA claim only. He states that he is sorry for adding "the

1

D.N.A. portion" and that he already sent the court "a copy of the D.N.A."  However, this court has not received a copy of "the D.N.A (he) received from the DA" or a detective.  He adds, "at this time can I please put[1] the D.N.A portion of my motion, & I will refile later if I have to."  Finally, he states, "If you would like to proceed with the D.N.A. portion as well I would be very happy."

Mr. Klein was ordered by the court to "either show cause why this petition for writ of habeas corpus should not be dismissed for failure to exhaust state court remedies on all his claims or dismiss any claims that have not been fully exhausted."  His letter does neither.  It does not plainly move for or request dismissal of his DNA claim.  Nor does it show that all his other claims have been exhausted or seek dismissal of his other unexhausted claims.

As Mr. Klein was informed, 28 U.S.C. § 2254(b)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State. . . .

*Id.*  "A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  *O'Sullivan v. Boerckel*,

---

[1]   Petitioner does not indicate where he seeks to "put" the DNA portion of his motion.

526 U.S. 838, 842 (1999). Generally, the exhaustion prerequisite is not satisfied unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process." *Id*. at 845. This means that all grounds must have been presented "to the highest state court, either by direct review of the conviction or in a post-conviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Mr. Klein was also informed that a federal district court is generally required to dismiss a "mixed petition," which is one containing unexhausted as well as exhausted claims.

Petitioner's DNA claim is not his only claim that is unexhausted. In his federal petition, Mr. Klein presents the single ground of ineffective assistance of counsel. However, as factual support for this ground he asserts several claims. He alleges that his attorney (1) never brought up his DNA in court, (2) failed to sufficiently communicate with him, (3) failed "to argue any facts on (his) behalf," (4) failed to bring up that the victim was in therapy for only two months because nothing was wrong with her, (5) failed to bring up a police report against the victim, and (6) "never argued" the "amount of time."[2] Petitioner marked "yes" in his federal petition in response to

---

[2] Again, this statement by petitioner is incomplete and does not make sense. It seems that Mr. Klein is referring to arguments regarding his sentence.

3

questions as to whether he raised "this issue" on direct appeal and in collateral state court proceedings. However, the information he provided regarding the "Grounds raised" in state court is vague and fails to establish that he exhausted each of the claims in his federal petition. On the other hand, the written opinion of the Kansas Court of Appeals (KCA) affirming his state convictions plainly indicates that he has not exhausted most of his current claims. All of the allegations made to support a claim of ineffective assistance of trial counsel, not just some, must have ultimately been presented to the highest state court before they may be raised in federal court.

Mr. Klein was "charged in 2009 with 17 sex crimes involving two separate victims under the age of 14," and during an interview by a detective of the Coffey County Sheriff's Office, he "gave a fairly extensive detailed confession of the abuse." See *State v. Klein*, 288 P.3d 870 at *1. He entered an *Alford* plea in exchange for dismissal of all but two of the charges and was found guilty. After he was sentenced in 2010, he filed and dismissed a sentencing appeal and instead filed a motion to withdraw plea in which he alleged "among other things, that his attorney was ineffective." *Id.* at *2. This motion was denied, and Mr. Klein appealed to the KCA. The issues he raised on this appeal are set forth in the opinion of the KCA. He argued that

4

his plea was not knowing and voluntary and that his appointed counsel Cole "did not provide adequate representation." *Id.* In support of the latter claim, he alleged that "(1) Klein had limited contact with Cole; (2) Cole went over the plea advisory a mere 5 minutes before the hearing; and (3) Cole never investigated his claim that the State's witnesses were lying." *Id.* at *3. Petitioner's claims in his federal petition are clearly not the same as those presented to and rejected by the KCA. The Kansas Supreme Court denied review of the KCA's decision on August 19, 2013. The court concludes that petitioner has not met his burden of demonstrating that he fully exhausted state court remedies on all grounds raised in his federal petition prior to filing the instant action.

Moreover, Mr. Klein's own allegations indicate that he currently has two state actions pending in which he is attacking the same convictions or sentence as he seeks to challenge here. He alleges that he filed two post-conviction motions in Coffey County District Court "during the Supreme Court time" that have not yet been heard. He baldly states that one motion claims "DNA was negative" and the other challenges lifetime post-release. However, he has not adequately described his claims or provided copies of court documents, such as his state petitions, to establish that the claims he is currently litigating in state court are wholly unrelated to those he is attempting to

5

simultaneously litigate in federal court.

Mr. Klein has not expressly sought dismissal of his unexhausted claims. He did not respond to the court's screening order by filing a "Notice of Voluntary Dismissal" or a "Motion to Voluntarily Dismiss" with the case caption at the top of the first page. The letter he submitted does not unequivocally seek dismissal of his DNA claim or any other unexhausted claim. The court plainly advised petitioner that it would not consider unexhausted claims and that his DNA claim was clearly unexhausted. Petitioner was further advised that if he dismissed his DNA claim and this federal action proceeded, federal review of his DNA claim would likely be barred in a subsequent "second and successive" federal petition, pursuant to 28 U.S.C. § 2244(b)(2). Petitioner's allegations in his letter that he "will refile" his DNA claim "later" and "be very happy" if the court "would like to proceed with the D.N.A portion" are inconsistent with the intent to voluntarily dismiss this claim under the conditions explained by the court.

The court concludes that this petition must be dismissed without prejudice because petitioner has failed to show that all grounds in his petition have been exhausted and has failed to dismiss all his unexhausted claims.[3]

---

[3] Mr. Klein is again reminded that the one-year statute of limitations applicable to federal habeas corpus petitions is not tolled during the pendency of a federal habeas corpus proceeding. Under § 2244(d)(2), only "a

**Certificate of Appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing."  A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings.  *Slack v. McDaniel*, 529 U.S. 473 (2000)(citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.

---

properly-filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claims" has a tolling effect.  He must diligently pursue his remedies in state court as well as file any future federal habeas corpus petition within the limitations period.  If he fails in either regard, his claims in federal court are likely to be dismissed as time-barred.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the court's procedural ruling resulting in the dismissal of this mixed petition is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 4) is denied as moot.

**IT IS FURTHER ORDERED** that this petition for writ of habeas corpus is dismissed without prejudice for failure to demonstrate exhaustion of state court remedies on all claims and failure to seek dismissal of all unexhausted claims.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied.

**IT IS SO ORDERED.**

Dated this 19th day of August, 2014, at Topeka, Kansas.

                                          **s/Sam A. Crow**
                                          **U.S. Senior District Judge**